IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

|  |  |  |
|---|---|---|
| ERNEST DOGGETT, | * | |
| Plaintiff, | * | |
| v. | * | Case No.: PWG-13-3889 |
| CITY OF HYATTSVILLE, *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

While arresting Ernest Doggett for charges that later were dismissed, Hyattsville Police Officers Chantha Vong and Chite allegedly "punched [Doggett] in his face, his back, and his elbow, and bent his finger back," causing him to "suffer[] a broken left index finger, a broken right elbow, and facial contusions." Compl. ¶ 8, ECF No. 2. Initially represented by counsel, who subsequently was permitted to withdraw his appearance, he filed a seven-count complaint alleging assault,[1] battery, false arrest, and violations of 42 U.S.C. § 1983. *Id.* ¶¶ 12–34. As Defendants, he named Officers Vong and Chite, individually and in their official capacity, as well as the City of Hyattsville, Maryland ("Hyattsville"). *Id.* at 1. Hyattsville moves to dismiss the § 1983 claims against it (Counts V and VII) for failure to state a claim under *Monell v.*

---

[1] Officers Vong and Chite moved to dismiss Count I, ECF No. 10, and Plaintiff consented to the dismissal of Count I, ECF No. 11. I granted the motion, such that six counts remain. ECF No. 12.

*Department of Social Services*, 436 U.S. 658, 690–91 (1978).[2]  Def.'s Mem. 3.  Because Plaintiff has not pleaded sufficiently that a Hyattsville policy or custom caused the alleged violations of § 1983, Plaintiff has failed to state a *Monell* claim, and I will dismiss Counts V and VII.

Hyattsville contends that Counts V and VII are "the only counts pertaining to it," Def.'s Mem. 2, but Plaintiff claims in Counts II and III (for battery and false arrest) that "Hyattsville is liable for the actions taken by these officers pursuant to the doctrine of *respondeat superior*." Compl. ¶¶ 17 & 20.  Yet, Hyattsville is immune from liability for Counts II and III because the officers' alleged actions were governmental in nature.  Therefore, I will give Plaintiff notice and an opportunity to be heard and, absent a showing that he has stated a claim against Hyattsville in Count II or III, I will dismiss these counts as to Defendant Hyattsville as well.

## I.     STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides for "the dismissal of a complaint if it fails to state a claim upon which relief can be granted."  *Velencia v. Drezhlo*, No. RDB-12-237, 2012 WL 6562764, at *4 (D. Md. Dec. 13, 2012).  This rule's purpose "'is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'"  *Id.* (quoting *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006)).  To that end, the Court bears in mind the requirements of Fed. R. Civ. P. 8, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), when considering a motion to dismiss pursuant to Rule 12(b)(6).  Specifically, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and must state "a plausible claim for relief," as "[t]hreadbare recitals of

---

[2] Hyattsville's Motion to Dismiss or, in the Alternative, to Bifurcate, ECF No. 5, has been briefed fully.  ECF Nos. 5-1, 7 & 8.  A hearing is not necessary.  *See* Loc. R. 105.6.  For the reasons stated in this Memorandum Opinion, Defendant's Motion is GRANTED.

the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678–79. *See Velencia*, 2012 WL 6562764, at *4 (discussing standard from *Iqbal* and *Twombly*). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663.

## II.   DISCUSSION

### A.  Counts V and VII

Counts V and VII allege "Violation of 4th Amendment Rights, 42 U.S.C. Section 1983," against Hyattsville, through arrest without probable cause in the fifth count and excessive force in the seventh count. Compl. 5–7. In Count V, Plaintiff claims

> 26. On February 19, 2011, while acting under color of state law, Officers Vong and Chite knowingly deprived plaintiff of his 4th Amendment right to be free from arrest without probable cause by arresting plaintiff without probable cause to believe he had committed a crime.
>
> 27. Officer Vong and Chite's actions were the result of the City of Hyattsville's custom, policy, and practice of and deliberate indifference to, and failure to take action to stop, the widespread and on-going practice of arresting individuals without probable cause by the City's police officers.

Compl. ¶¶ 26–27. Similarly, in Count VII, Plaintiff claims

> 33. On February 19, 2011, while acting under color of state law, Officers Vong and Chite knowingly deprived plaintiff of his 4th Amendment right to be free from the use of excessive force by using excessive force during the course of an arrest.
>
> 34. Officer Vong and Chite's actions were the result of the City of Hyattsville's custom, policy, and practice of and deliberate indifference to, and failure to take action to stop, the widespread and on-going use of excessive force by the City's police officers.

*Id*. ¶¶ 33–34. Plaintiff does not include any other allegations regarding Hyattsville's alleged custom or policy.

In Hyattsville's view, "Counts V and VII are devoid of any allegations from which it could be concluded that the City of Hyattsville is potentially liable under Monell v. Department of Social Services, 436 U.S. 658 (1978)." Def.'s Mem. 3. Hyattsville insists that "Counts V and VII consist of nothing by non-specific boilerplate, without any relevant factual allegations whatsoever concerning an unconstitutional policy, custom or practice of the municipality," such that they fail to state a claim. *Id.* at 8–9.

Plaintiff counters that "there is sufficient circumstantial evidence of a *de facto* custom, policy and/or practice of the City of Hyattsville permitting its police officers to use excessive force and to make arrests without probable cause that plaintiff's constitutional claims against the City should not be dismissed." Pl.'s Opp'n 1–2. Specifically, he alleges that "[a]t this time, at least six other individuals have filed claims against the City of Hyattsville and its police officers alleging that between 2010 and 2012, City of Hyattsville police officers have used excessive force and\or have arrested or incarcerated City residents without probable cause." *Id.* at 2. In support, he cites three cases in this District and attaches two articles from online publications. *Id.*; *see* Pl.'s Opp'n Ex. A, ECF No. 7-1. He insists that these cases and articles are "sufficient evidence . . . to establish the existence of a practice of constitutional violations that is so 'persistent and widespread' as to 'constitute a custom or usage with the force of law.'" Pl.'s Opp'n 3 (no citation provided). He asserts that "plaintiff should, instead, be permitted to conduct discovery in order to obtain additional facts, information and evidence to maintain his 4th Amendment claims against the City." *Id.* at 2.

Hyattsville, as a unit of local government, is a "'person[]'" subject to suit under 42 U.S.C. § 1983, as stated in *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690–91 (1978). *DiPino v. Davis*, 729 A.2d 354, 368 (Md. 1999). But, "[u]nder *Monell*, a municipality's liability

"arises only where the constitutionally offensive actions of employees are taken in furtherance of some municipal 'policy or custom.'" *Walker v. Prince George's Cnty., MD*, 575 F.3d 426, 431 (4th Cir. 2009) (quoting *Milligan v. City of Newport News*, 743 F.2d 227, 229 (4th Cir. 1984)); *see Rockwell v. Mayor & City Council of Balt.*, No. CIV.A. RDB-13-3049, 2014 WL 949859, at *11 (D. Md. Mar. 11, 2014) (citing *Walker*). Thus, a *Monell* claim is a form of § 1983 action under which a municipality, such as Hyattsville, is liable "where a policymaker officially promulgates or sanctions an unconstitutional law, or where the municipality is deliberately indifferent to the development of an unconstitutional custom." *Smith v. Ray*, 409 Fed. App'x 641, 651 (4th Cir. 2011). The government's policy or custom must have "played a part in the deprivation" underpinning the plaintiff's claim. *DiPino v. Davis*, 729 A.2d 354, 369 (1999). The policy or custom may be "an express policy, such as a written ordinance or regulation"; a decision by "a person with final policymaking authority;" "an omission, such as a failure to properly train officers, that manifest[s] deliberate indifference to the rights of citizens;" or "a practice that is so persistent and widespread as to constitute a custom or usage with the force of law." *Lytle v. Doyle*, 326 F.3d 463, 471 (4th Cir. 2003) (internal quotation marks omitted)).

To state a *Monell* claim, a plaintiff must allege that "'(1) the municipality [had] actual or constructive knowledge of the custom and usage by its responsible policymakers, and (2) there [was] a failure by those policymakers, as a matter of specific intent or deliberate indifference, to correct or terminate the improper custom and usage.'" *Rockwell*, 2014 WL 949859, at *11 (quoting *Randall*, 302 F.3d at 210 (internal quotation marks omitted)). The plaintiff also must allege that there was "a 'direct causal link' between the policy or custom and the deprivation of rights." *Id.* (quoting *City of Canton, Ohio v. Harris*, 489 U.S. 378, 386–86 (1989)). Notably, "'there must be numerous particular instances of unconstitutional conduct in order to establish a

5

custom or practice,'" because "[a] municipality is not liable for mere 'isolated incidents of unconstitutional conduct by subordinate employees.'" *Smith v. Ray*, 409 Fed. App'x 641, 651 (4th Cir. 2011)   (quoting *Lytle v. Doyle*, 326 F.3d 463, 473 (4th Cir. 2003)).

Plaintiff's threadbare counts cannot survive more careful scrutiny.  While he claims that Hyattsville had either a policy, or a failure to act that amounts to "deliberate indifference," or a "widespread and on-going" practice that is tantamount to a custom, he fails to describe the alleged "formal and informal customs, policies, and practices" beyond the boilerplate, conclusory statements quoted above.  *See* Compl. ¶¶ 27 & 34.  Moreover, Plaintiff only alleges one instance of allegedly unconstitutional conduct in his Complaint: the police officers' acts on February 19, 2011.  *See id.* ¶¶ 26 & 33.  Thus he only has alleged an "isolated incident" for which Hyattsville has no liability, as it is a far cry from the 'numerous particular instances of unconstitutional conduct" necessary "to establish a custom or practice." *Lytle*, 326 F.3d at 473; *see Smith*, 409 Fed. App'x at 651.

Plaintiff identifies other incidents in his Opposition.  Pl.'s Opp'n 2.  Yet, although Plaintiff filed his Complaint and Opposition with the benefit of counsel,[3] these factual allegations do not appear in the Complaint, and Plaintiff neither amended as a matter of course nor sought leave to amend at a later date.  *See* Fed. R. Civ. P. 15(a)(1)–2.  I cannot "consider any facts, allegations or assertions made by the plaintiff which are contained in legal memoranda other than the complaint," as "[i]t is well-founded that a complaint cannot be amended by the briefs in opposition to a motion to dismiss." *Mylan Labs., Inc. v. Pharm. Basics, Inc.*, 808 F. Supp. 446,

---

[3] Plaintiff's counsel moved to withdraw after the parties completed the briefing for Hyattsville's Motion to Dismiss and Officers Vong and Chite's Motion to Dismiss.  ECF No. 13.  I granted the motion, and Plaintiff now is proceeding pro se.  ECF No. 17.

449 (D. Md. 1992), *rev'd on other grounds sub nom. Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130 (4th Cir. 1993).

Further, with regard to the attached articles, although when reviewing a motion to dismiss, "[t]he court may consider documents attached to the complaint, as well as documents attached to the motion to dismiss, if they are integral to the complaint and their authenticity is not disputed," *Sposato v. First Mariner Bank*, No. CCB-12-1569, 2013 WL 1308582, at *2 (D. Md. March 28, 2013), these articles are not "integral to the complaint." *See Scott v. Nuvell Fin. Servs. LLC*, 789 F. Supp. 2d 637, 640 (D. Md. 2011), *rev'd on other grounds and remanded sub nom. Gardner v. Ally Fin. Inc.*, 514 F. App'x 378 (4th Cir. 2013) ("A document is 'integral' to the complaint if 'its very existence, and not the mere information it contains, gives rise to the legal rights asserted.'" (quoting *Walker v. S.W.I.F.T. SCRL*, 517 F. Supp. 2d 801, 806 (E.D. Va. 2007))). Therefore, I may not consider them. *See Sposato*, 2013 WL 1308582, at *2.

As for the cases cited, I "may properly take judicial notice of matters of public record" when reviewing a Rule 12(b)(6) motion. *Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). Nonetheless, they do not support Plaintiff's assertion of a policy or custom. In *Jackson v. City of Hyattsville*, No. AW-10-946, although the Court ultimately entered judgment in the plaintiff's favor on her excessive force claim, against one individual defendant, Verdict Sheet, ECF No. 89; Jmt., ECF No. 94, the Court dismissed the state-law claims against Hyattsville based on governmental immunity and failure to comply with the Local Government Tort Claims Act,[4] and the plaintiff did not include a *Monell* claim in her complaint, Dec. 13, 2010 Mem. Op. 5, ECF No. 17. In *Beasley v. Kelly*, No. DKC-10-49, the plaintiff alleged, *inter alia*, a "civil rights claim under § 1983 and the Maryland Constitution." Aug. 13, 2010 Mem.

---

[4] *See* Md. Code Ann., Cts. & Jud. Proc. § 5-304(b)(1).

Op. 8, ECF No. 20. The plaintiff dismissed one claim against Prince George's County, and the Court dismissed two state-law claims against Prince George's County based on governmental immunity, such that only a *Monell* claim remained against Prince George's County. Aug. 13, 2010 Mem. Op. 3 & 6. Neither Prince George's County's liability on the *Monell* claim, nor the individual defendants' liability on the claims that remained after summary judgment was determined because the case settled. *See* Settlement Order, ECF No. 51. In *Crouch v. City of Hyattsville*,[5] No. DKC-09-2544, the plaintiff filed state common-law claims against, *inter alia*, Hyattsville and a police officer. Although the jury found for the plaintiff on the state-law claims against the officer, Verdict Sheet, ECF No. 166, the Court dismissed the state-law claims against Hyattsville on immunity grounds. March 5, 2012 Mem. Op. 4 n.2, ECF No. 117; *see* Sept. 15, 2010 Mem. Op., ECF No. 34. The Court also denied Plaintiff leave to amend to add a *Monell* claim against Hyattsville. March 5, 2012 Mem. Op. 9.

Thus, among these three cases, there were two instances where the jury found police misconduct. *See Jackson v. City of Hyattsville*, No. AW-10-946, Verdict Sheet; *Crouch v. City of Hyattsville*, No. DKC-09-2544, Verdict Sheet. The instances are not "numerous" and do not "establish a custom or practice." *See Lytle*, 326 F.3d at 473; *Smith*, 409 Fed. App'x at 651. And, among these three cases, there was only one *Monell* claim, which was resolved through settlement, and one unsuccessful attempt to plead a *Monell* claim. *See Beasley v. Kelly*, No. DKC-10-49, Settlement Order; *Crouch v. City of Hyattsville*, No. DKC-09-2544, March 5, 2012 Mem. Op. 9. Consequently, these cases do not support Plaintiff's assertion that Hyattsville had a policy or custom that violated § 1983. *See Lytle*, 326 F.3d at 473; *Smith*, 409 Fed. App'x at 651.

---

[5] This case transferred to me after Judge Chasanow ruled on the dispositive motions, and I presided over the trial. *See Crouch v. Prawdzik*, PWG-09-2544, Docket.

In sum, Plaintiff has not pleaded an adequate description of the alleged custom or practice, nor established it through sufficient examples. *See Rockwell*, 2014 WL 949859, at *11; *Walker v. Prince George's Cnty.*, 575 F.3d 426, 431 (4th Cir. 2009) (affirming district court conclusion that "appellants 'failed to make any allegations in their complain in regards to the existence of the County's policy, custom, or practice, therefore failing to plead' a viable *Monell* claim"); *see also Smith*, 409 Fed. App'x at 651 (affirming summary judgment in favor of city where plaintiff "failed to present any convincing evidence that a policy or custom ha[d] developed regarding the use of excessive force, sexual assaults or any other unconstitutional actions by officers"). Therefore, Counts V and VII ARE DISMISSED. *See* Fed. R. Civ. P. 12(b)(6).

### B. Counts II and III

In Counts II and III, Plaintiff asserts claims of battery and false arrest, alleging that the police officers "battered plaintiff by hitting him in his face, and in his back and elbow and by bending his finger back" and "falsely arrested" him "[b]y arresting plaintiff without probable cause to believe that he had committed a crime." Compl. ¶¶ 16 & 19. In these counts, Plaintiff also alleges that "Hyattsville is liable for the actions taken by these officers pursuant to the doctrine of *respondeat superior*." Compl. ¶¶ 17 & 20. Thus, it appears that Hyattsville is mistaken in its assertion that Counts V and VII are "the only counts pertaining to it." Def.'s Mem. 2.

Hyattsville, as a municipality, is entitled to governmental immunity, a doctrine that "is 'deeply ingrained in Maryland law' and may not be waived without express or implied statutory authorization." *Crouch v. City of Hyattsville*, No. DKC-09-2544, 2010 WL 3653345, at *4 (D. Md. Sept. 15, 2010) (quoting *Nam v. Montgomery Cnty.*, 732 A.2d 356, 362 (1999)); *see DiPino*

9

*v. Davis*, 729 A.2d 354, 370 (1999). Under this doctrine, a municipality is "immune[e] from common law tort suits for governmental, as opposed to proprietary, acts." *Id.* Significantly, "'[t]he operation of a police force is a governmental function,'" *Id.* (quoting *Hector v. Weglein*, 558 F. Supp. 194, 206 (D. Md. 1982) (citations omitted)). And, working "as a City police officer . . . purporting to enforce the State criminal law . . . . is quintessentially governmental in nature." *DiPino v. Davis*, 729 A.2d 354, 370 (1999). "Thus, a city is immune as to common law tort claims asserted against it based on torts committed by its police officers." *Crouch*, 2010 WL 3653345, at *4. Because Counts II and III allege claims against Hyattsville based on torts committed by Hyattsville police officers acting in their capacity as police officers, Hyattsville has governmental immunity to these claims. *See id.*; *DiPino*, 729 A.2d at 370.

This Court "may, on its own initiative, dismiss a civil complaint for failing to state a claim." *Saifullah v. Johnson*, 948 F.2d 1282 (4th Cir. 1991) (citing 5A C. Wright & A. Miller, *Fed. Prac. & Proc.* § 1357 at 301 (2d ed. 1990)). But, prior to doing so, the Court must afford the plaintiff "notice and an opportunity to be heard." *Id.* Because the viability of Counts II and III against Hyattsville was not clearly raised by Hyattsville, if at all, Plaintiff should have the opportunity to address whether he has stated a claim against Hyattsville in either Count II or III. *See id.* Therefore, Plaintiff may file a brief on this issue, not to exceed ten pages, by May 30, 2014. Defendant may file a reply by June 6, 2014. If Plaintiff does not file a brief on or before May 30, 2014, I will dismiss Counts II and III, as to Hyattsville only, for the reasons stated in this Memorandum Opinion.

### III.  CONCLUSION

Hyattsville's Motion to Dismiss or, in the Alternative, to Bifurcate is GRANTED. Counts V and VII are DISMISSED. Counts II and III remain pending as to all Defendants.

Plaintiff may file a brief to address whether he has stated a claim against Hyattsville in either Count II or III, not to exceed ten pages, by May 30, 2014.  Defendant may file a reply by June 6, 2014.  If Plaintiff does not file a brief on or before May 30, 2014, I will dismiss Counts II and III, as to Hyattsville only, for the reasons stated in this Memorandum Opinion.

Separately, I will enter a Scheduling Order and a Discovery Order and schedule a Fed. R. Civ. P. 16 conference call with the parties to discuss further pretrial proceedings.

A separate order shall issue.


Dated: May 14, 2014

/S/
Paul W. Grimm
United States District Judge


lyb