UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

ERNEST DOGGETT,

    Plaintiff,

v.

CITY OF HYATTSVILLE, MARYLAND,
*et al.*,

    Defendants.

Civil Action No. TDC-13-3889

**MEMORANDUM OPINION**

Presently pending and ready for review in this 42 U.S.C. § 1983 civil rights case is Defendants' Motion to Dismiss for Failure to Participate in Discovery, ECF No. 26. The Court has reviewed the Motion and heard oral argument on October 9, 2014. For the reasons outlined below, the motion is GRANTED and the case is DISMISSED with prejudice.

**BACKGROUND**

On May 30, 2013, Plaintiff Ernest Doggett ("Doggett") filed a complaint, through his attorney, against the City of Hyattsville and two of its police officers, Officers Chanthavong and Chite. He alleged that on February 19, 2011, after pulling him over on suspicion of driving while intoxicated, the officers committed the state law torts of assault (Count I), battery (Count II), and false arrest (Count III) against him, arrested him without probable cause in violation of 42 U.S.C. § 1983 ("§ 1983") (Count IV), and used excessive force against him in violation of § 1983 (Count VI). *See* Compl. ¶¶ 12-34, ECF No. 2. He also alleged that the City of Hyattsville was liable for Counts I-III based on the doctrine of *respondeat superior* and for arrest without

probable cause and excessive force in violation of § 1983 (Counts V and VII) because the police force had a pattern and practice of such conduct. *See id.*

On December 26, 2013, Defendants removed the case to this Court.[1] Notice of Removal, ECF No. 1. That same day, the City of Hyattsville filed a Motion to Dismiss or, in the Alternative, to Bifurcate Doggett's § 1983 claims against it. ECF No. 5. On February 12, 2014, Officers Chantavong and Chite filed a Partial Motion to Dismiss the assault count, contending that Doggett had filed his claim outside the one-year statute of limitations. ECF No. 10. In response, on February 25, 2014, Doggett voluntarily dismissed the assault claim. ECF No. 11.

On March 24, 2014, Doggett's attorney filed a Motion to Withdraw, citing "irreconcilable differences" between himself and his client. Mot. at 3, ECF No. 13. On March 25, 2014, the Court (Grimm, J.) instructed counsel to give Doggett the full seven-day period under Local Rule 101.2(a) to respond to the Motion. ECF No. 14. On April 1, 2014, defense counsel informed the Court that he had received no response from Doggett. ECF No. 16. Accordingly, on April 3, 2014, the Court (Grimm, J.) granted the Motion to Withdraw. ECF No. 17. That same day, the Clerk of the Court mailed to Doggett a letter informing him that he was now proceeding *pro se*. ECF No. 18.

On May 14, 2014, the Court (Grimm, J.) granted the City of Hyattsville's Motion to Dismiss the § 1983 claims against it. ECF No. 20. In that Opinion, the Court noted that Hyattsville was also immune from liability for the battery and false arrest counts (Counts II and III), which were based on the doctrine of *respondeat superior*, because "the officers' alleged actions were governmental in nature." *Id.* at 2. However, the Court gave Doggett until May 30,

---

[1] No defendant was served until December 19, 2013. Notice of Removal ¶ 5, ECF No. 1

2014 to submit a brief showing "whether he has stated a claim against Hyattsville" in those counts. *Id.*; *see* Order, ECF No. 21. Doggett submitted nothing in response.

On May 15, 2014, the Court (Grimm, J.) issued a Scheduling Order setting a discovery deadline of October 28, 2014. ECF No. 22. On May 20, 2014, Defendants sent Doggett their first set of interrogatories and requests for production of documents, with a responsive deadline of June 19, 2014. Mot. Dismiss, Ex. A, ECF No. 26-2. In a June 5, 2014 telephone status conference, Doggett indicated that he had not received the discovery request because he had recently moved. *See* Letter Order, ECF No. 25. On June 9, 2014, Defendants re-sent their discovery requests, with a deadline of June 23, 2014, to Doggett's updated address. Mot. Dismiss, Ex. B, ECF No. 26-3. Doggett did not respond. *Id.*

On July 3, 2014, Defendants sent a letter to Doggett noting that it was "important that we keep discovery moving," and asking Doggett to "promptly" advise defense counsel "as to [his] intentions." *Id.*, Ex. C, ECF No. 26-4. Counsel added that if he did not hear from Doggett, he would have "no choice but to file the appropriate motion with the court." *Id.* Doggett did not respond. Mot. Dismiss at 4.

On August 1, 2014, Defendants filed the pending Motion to Dismiss for Failure to Participate in Discovery. ECF No. 26. On August 4, 2014, the Clerk of the Court mailed Doggett a "Rule 12/56" letter informing him that the motion was pending, detailing the proper procedure for him to respond to the motion, explaining that the deadline for his response was 17 days from the date of the letter, and cautioning him that if he "d[id] not file a timely written response, the Court may dismiss the case or enter judgment against you without further notice." ECF No. 27. Doggett did not submit a response.

On September 24, 2014, the Court issued a Notice informing the parties that a hearing was scheduled in this case for October 9, 2014 at 10:00 a.m. and cautioning Doggett that "his failure to appear at this hearing may result in dismissal of his case." ECF No. 28. Doggett did not appear at the October 9 hearing. ECF No. 30. Accordingly, that same day, the Court issued an Order instructing Doggett to show cause by October 28, 2014, the date for the close of discovery, for his failure to attend the hearing and to participate in discovery and informing him that if he failed to do so, his case would be dismissed with prejudice. ECF No. 31. That Order also instructed defense counsel to re-send his discovery requests to Doggett. *Id.* On October 13, in compliance with that Order, defense counsel re-sent his original discovery requests to Doggett and outlined for him the procedures for complying with them. ECF No. 32. The October 28, 2014 deadline has passed and Doggett has yet to submit any responses or contact the Court.

## DISCUSSION

Defendants ask the Court to dismiss this case based on Doggett's failure to participate in discovery. Specifically, they ask this Court to dismiss this case pursuant either to Federal Rule of Civil Procedure 37(d) (governing discovery) or 41(b) (governing involuntary dismissal in general). As a threshold matter, because Defendants' motion is based on Doggett's behavior in discovery, this Court must consider it only under Rule 37, not Rule 41. In *Societe Internationale Pour Participations Industrielles Et Commerciales, S.A. v. Rogers*, 357 U.S. 197 (1958), the Supreme Court explained that "whether a court has power to dismiss a complaint because of noncompliance with a production order depends exclusively upon Rule 37, which addresses itself with particularity to the consequences of a failure to make discovery." *Id.* at 207. There was, the Court continued, "no need to resort" to Rule 41, which "lacks [the] specific references to discovery" present in Rule 37. *Id. Societe Internationale* thus instructs courts to rely on the

federal rule most tailored to the circumstances under consideration. Accordingly, because the Motion under consideration involves discovery, the Court considers it only pursuant to Rule 37.

Pursuant to Rule 37(d), courts may impose sanctions on a party who fails to respond to interrogatories. *See* Fed. R. Civ. P. 37(d)(1)(A)(ii). Such sanctions include dismissing the action or proceeding in whole, or in part, or issuing a default judgment. Fed. R. Civ. P. 37(b)(2)(A)(i)-(vi); *see* Fed. R. Civ. P. 37(d)(3) (indicating that sanctions for violations of subsection (d) may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)). When assessing the appropriateness of sanctions under Rule 37(d), the United States Court of Appeals for the Fourth Circuit requires consideration of four factors: "(1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions." *Mut. Fed. Sav. & Loan Ass'n v. Richards & Associates, Inc.*, 872 F.2d 88, 92 (4th Cir. 1989). Here, an analysis of those four factors supports an order of dismissal.

**Factor 1: Bad Faith**

Other than attending the telephone status conference in early June, Doggett has not meaningfully participated in his case. Although prompted by the Court, Doggett filed no response to the City of Hyattsville's Motion to Dismiss. Defense counsel sent Doggett three letters asking him to engage in discovery, to no avail. When defense counsel was thus forced to file the present motion, the Clerk of the Court sent Doggett a letter explaining the stakes of the motion and providing Doggett instructions on how to respond, to no effect. This Court has now sent Doggett two separate notifications about his case, which explicitly warned him that his

failure to respond or appear may or would result in his case being dismissed with prejudice, neither of which prompted him to action.

Doggett has thus repeatedly refused to participate in a lawsuit that he himself initiated, a refusal that amounts to bad faith. *See McFeeley v. Jackson Street Entertainment, LLC*, DKC-12-1019, 2014 WL 4182231 at *2 (D. Md. Aug. 19, 2014) ("[Plaintiff's] complete unresponsiveness in this case, without any justification or excuse, is enough to presume bad faith); *Vien v. Walker*, PJM-12-1796, 2014 WL 900803 at *2 (D. Md. Mar. 5, 2014) (finding bad faith where plaintiff failed to respond to repeated requests for interrogatories and production of documents and did not appear at a hearing on a motion for sanctions); *Hughley v. Leggett*, DKC-11-3100, 2013 WL 3353746 at *2 (D. Md. July 2, 2013) (finding bad faith where a plaintiff failed to respond to discovery requests "despite the defendant's effort to contact him," and continued not to respond even after "the defendant moved to dismiss and the clerk issued a Rule 12/56 letter").

**Factor 2: Amount of Prejudice**

When, as a result of a plaintiff's lack of participation, there has been little to no discovery in a case, the amount of prejudice to a defendant is substantial. *See, e.g., Watkins v. Trans Union LLC*, WMN-10-838, 2010 WL 4919311 at *1 (D. Md. Nov. 29, 2010) ("The prejudice to Defendant of going forward with no discovery whatsoever from Plaintiff is readily apparent."). That is the situation here. Because of Doggett's failure to respond to defense counsel, there has been absolutely no discovery in this case. Without any discovery, Defendants have no means adequately to prepare their case, a situation that puts them at a distinct and prejudicial disadvantage.

6

**Factor 3: Need for Deterrence**

There is a need for deterrence in cases where a party has brought the case to a significant standstill through failure to participate in discovery. *See, e.g., Hughley*, 2013 WL 3353746 at *3 ("Plaintiff's complete lack of participation in the discovery process has directly inhibited and delayed the resolution of this dispute, and there is an obvious need to deter such conduct."). That is the situation here. As a result of Doggett's unresponsiveness, nothing other than a telephone status call has happened in this case in six months, despite defense counsel's continued efforts to move the case forward. This six-month delay is certainly a significant standstill, and, based on Doggett's continued unresponsiveness, it seems quite likely to continue. Such inattentiveness and delay "go to the heart of the court process and totally inhibit a just resolution of disputes," and therefore need to be deterred. *Vien*, 2014 WL 900803 at *2.

**Factor 4: Effectiveness of Less Drastic Sanctions**

In cases where a plaintiff has been completely unresponsive in discovery, this court has found that any sanctions less drastic than dismissal of the case would be ineffective. *See McFeeley*, 2014 WL 4182231 at *2 ("[Plaintiff] has failed to respond to the granting of her own counsel's motion to withdraw as counsel or to the letter sent by the court, [therefore] it is clear that her behavior would not be altered by less drastic sanctions [than dismissal]"). In fact, in situations such as this one, where one party has brought the case to a halt through a failure to participate in discovery, the other relevant sanctions available under Rule 37 are a poor fit because their effectiveness depends on the lawsuit moving forward.

For example, in addition to allowing dismissal of a case, Rule 37 allows a court to "direct[] that ... designated facts be taken as established for purposes of the action, as the prevailing party claims," a sanction that is effective only if the case proceeds to an adjudication

7

on the merits. Fed. R. Civ. P. 37(b)(2)(A)(i). Rule 37 also allows a court to "prohibit[] the disobedient party from supporting or opposing designated claims or defenses," a solution that again contemplates that the case will move forward to an adjudication on the merits. Fed. R. Civ. P. 37(b)(2)(A)(ii).

Here, Doggett has stalled the case in the earliest stages of discovery, thereby preventing any development of a factual record that could be the basis for a merits determination. With the case in such an unworkable state, the only appropriate sanction is to dismiss the case.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss for Failure to Participate in Discovery is GRANTED. A separate Order follows.

Date: November 17, 2014

THEODORE D. CHUANG
United States District Judge